```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DOROTHY M. CARTER,

                      Plaintiff,

vs.                                   Case No. 2:02-cv-14-FtM-29DNF

PREMIER RESTAURANT MANAGEMENT d/b/a
KENTUCKY FRIED CHICKEN, ET AL.,

                      Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on consideration of plaintiff's "Complaint/ and or Emergency Motion for Reconsideration and for a Hearing and Injunction on Motion/Complaint" (Doc. #68), filed on April 21, 2006. For the reasons stated herein, the motions will be denied and the Clerk will be directed to open a new case.

**I.**

This particular case was initiated on January 10, 2002, with the filing of a Complaint and Emergency Petition for Injunction and Restraining Order Against Harassment and Violence. The Emergency Petition was denied, and a Motion to Proceed In Forma Pauperis was also denied because it was not signed and the Complaint failed to set forth separate claims and supporting facts. (See Docs. #3, #6). On February 27, 2002, the Court denied plaintiff's Emergency Motion to Vacate Orders Denying Injunctive Relief, Restraining Order, Pauperis Petition, and Appointment of Counsel. On May 29,

2002, plaintiff filed an Amended Complaint (Doc. #25) containing request to proceed *in forma pauperis.*  On May 31, 2002, the Court determined that the Amended Complaint failed to comply with the Federal and Local Rules and directed the entry of a Second Amended Complaint.  The Court further directed the filing of a new Affidavit of Indigency.  Plaintiff's Emergency Motion for Hearing and Removal of Workers Compensation Case to Federal Court was denied as moot as a second amended complaint was required.

On July 26, 2002, upon review of numerous filings, the Court again directed the filing of a Second Amended Complaint to properly state a claim on her own behalf and without the incorporation of motions for relief.  The Court also cautioned plaintiff about the unwarranted designation of motions as emergencies.  (See Doc. #40, p. 3).  On August 28, 2002, finding no Second Amended Complaint, the Magistrate Judge issued a Report and Recommendation (Doc. #42) recommending that *in forma pauperis* status be denied and the case be dismissed.  On November 7, 2002, the Court accepted and adopted the Report and Recommendation and dismissed the case without prejudice.  (See Doc. #53).  The case was closed, the appeals dismissed were dismissed for lack of jurisdiction by the Eleventh Circuit Court of Appeals, and no activity had occurred in this case after July 18, 2003, until plaintiff's "Emergency Motion/Complaint to Reinstate Case/Injunctive Relief Sought" (Doc. #65), filed on April 13, 2006.

**II.**

Plaintiff seeks reconsideration of the Court's April 17, 2006, Order (Doc. #67) denying the motion to reopen the case, for a preliminary injunction, for a temporary restraining order, for leave to proceed in forma pauperis, and to appoint counsel. Plaintiff also seeks a hearing and injunction, or in the alternative, for the Court to construe the motion as a new complaint. Because the Court finds that plaintiff has failed to articulate a basis for reconsideration or injunctive relief, the Court will consider the alternative relief.

It is clear that plaintiff's Complaint, as currently proposed, fails to state claim. The nonsensical and conclusory allegations against defendants appear to lump unrelated claims in a single complaint. The mere allegation of actions by all defendants without any underlying facts is insufficient. Plaintiff must provide facts to support her allegations. The Court finds that plaintiff has failed to comply with Fed. R. Civ. P. 8 by failing to provide a short, plain statement sufficient to provide notice to defendants as to her claims.[1] As plaintiff is proceeding pro se, the Court will take this opportunity to explain some of the responsibilities and obligations that she bears as a pro se party.

---

[1] "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

The Court finds that plaintiff should be afforded an opportunity to amend the complaint to properly allege her claims and in doing so plaintiff should adhere to the following instructions.

In filing an Amended Complaint, plaintiff must conform to the pleading requirements of Fed. R. Civ. P. 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs.  The document should be entitled "Amended Complaint."  Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or Florida have been violated.  It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes or state rights and/or statutes.  Plaintiff must provide support in the statement of facts for the claimed violations.  Further, in the body of the Amended Complaint Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged claim.  Plaintiff must provide support in the statement of facts for the claimed violations.  More than conclusory and vague allegations are required to state a cause of action.  Plaintiff must also state which defendants are being sued for each particular count of the Amended Complaint.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Emergency Motion for Reconsideration (Doc. #68) is **DENIED.**

    2.  Plaintiff's Motion for a Hearing (Doc. #68) is **DENIED**.

    3.  Plaintiff's Motion for Injunction on Motion/Complaint (Doc. #68) is **DENIED**.

    4.  The Clerk shall open a new case with plaintiff's "Complaint/ and or Emergency Motion for Reconsideration and for a Hearing and Injunction on Motion/Complaint" (Doc. #68) as a "Complaint" as well as the Affidavit of Indigency (Doc. #66) as a "Motion to Proceed In Forma Pauperis" and docket a copy of this Order in the new case.

    5.  Plaintiff shall file an Amended Complaint within **TWENTY (20) DAYS** of receipt of this Order in compliance with this Order, the Federal Rules of Civil Procedure, and the Local Rules.

    **DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of April, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of record